# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JUDICIAL WATCH INC., a District of Columbia corporation, and THE DAILY CALLER NEWS FOUNDATION, | ) ) ) ) | |
| | ) | C.A. No. N20A-07-001 MMJ |
| *Petitioners Below-Appellants,* | ) ) | |
| | ) | Appeal from Attorney General |
| | ) | Opinion No. 20-IB19 and |
| v. | ) | Opinion No. 20-IB20 |
| | ) | |
| DELAWARE DEPARTMENT OF JUSTICE and UNIVERSITY OF DELAWARE, | ) ) ) | |
| | ) | |
| *Respondents Below-Appellees.* | ) ) | |

Submitted: October 9, 2020
Decided: January 4, 2021

On Appeal from Attorney General Opinions 20-IB19 and 20-IB20

**AFFIRMED**

## **OPINION**

Theodore A. Kittila, Esq., William E. Green, Jr., Esq., Halloran Farkas + Kittila LLP, Wilmington, Delaware, *Attorneys for Petitioners Below- Appellants.*

William E. Manning, Esq., James D. Taylor, Jr., Esq., Saul Ewing Arnstein & Lehr LLP, Wilmington, Delaware, *Attorneys for Respondent Below- Appellee University of Delaware.*

**JOHNSTON, J.**

## PROCEDURAL AND FACTUAL CONTEXT

Judicial Watch, Incorporated ("Judicial Watch") and The Daily Caller News Foundation ("DCNF") (together, "Appellants") appeal two decisions issued by the Attorney General of the State of Delaware[1] (the "Opinions"). Appellants seek a number of documents donated to the University of Delaware (the "University") by then-Senator Joseph Biden.[2] The Joseph R. Biden, Jr., Senatorial Papers (the "Papers") include "[m]ore than 1,850 boxes of archival records from the Vice President's Senate Career."[3] The Papers will be available to the public after "they have been properly processed and archived."[4]

### *Judicial Watch's FOIA Request*

On April 30, 2020, Judicial Watch submitted a request under Delaware's Freedom of Information Act ("FOIA")[5] to the University for the following documents:

> A. Any and all records regarding, concerning, or related to the proposed release of the records pertaining to former Vice President Joe Biden's tenure as a Senator that have been housed at the University of Delaware Library since 2012. This request includes, but is not limited

---

[1] Del. Op. Att'y Gen. 20-IB19, 2020 WL 4013788, at *1; Del. Op. Att'y Gen. 20-IB20, 2020 WL 4013789, at *1.

[2] For complete clarity, all references to "then-senator Biden," "Vice President Biden," "former Vice President Joe Biden," or "President-elect Biden" refer to Joseph R. Biden, Jr.

[3] The University of Delaware, *The Joseph R. Biden, Jr., Senatorial Papers*, https://library.udel.edu/special/joseph-r-biden-jr-senatorial-papers/ (last visited January 1, 2020).

[4] *Id.*

[5] 29 *Del. C.* §§ 10001-10007.

2

to, any and all related records of communication between any official, employee, or representative of the University of Delaware and any other individual or entity, as well as any notes, agenda, minutes, or similar records created in preparation for, during, and/or pursuant to any meeting of the Board of Trustees during which the proposed release of the records was discussed.

B.   Any and all records of communication between any trustee, official, employee or representative of the University of Delaware and former Vice President Biden, any representative of his presidential campaign, or any other individual acting on his behalf between January 1, 2018 and the present.[6]

The University denied Judicial Watch's request via email on May 20, 2020. In support of its denial, the University stated that "[t]here have been no expenditures of public funds regarding or related to the Joseph R. Biden, Jr. Senatorial papers."[7] The University additionally stated that "[t]he Joseph R. Biden, Jr. senatorial papers were never addressed in a meeting of the full Board of Trustees. Therefore the University has no public records responsive to your request."[8] Subsequently, on May 26, 2020, Judicial Watch filed a petition with the Office of the Attorney General pursuant to 29 *Del. C.* § 10005(b).[9] The petition sought a determination of whether the University's denial of Judicial Watch's request constituted a violation of FOIA.[10]

---

[6] Appellants' Opening Brief in Support of their Appeal from Attorney General Opinions 20-IB19 and 20-IB20 ("OB"), at 4.
[7] Certified Record at 000006.
[8] *Id.*
[9] OB at 5.
[10] *Id.*

3

On June 25, 2020, the Attorney General issued an opinion concluding that the University had not violated FOIA.[11] The Attorney General noted that, except in two specific instances, FOIA does not apply to the University. In the first instance, the University's Board of Trustees is considered a "public body" and "each meeting of the full Board of Trustees. . .shall be a 'meeting.'"[12] Thus, information about matters discussed by the full Board of Trustees in a "meeting" may be requested under FOIA. In the second instance, "university documents relating to the expenditure of public funds" may be requested under FOIA as "public records."[13] The Attorney General found that the documents requested by Judicial Watch did not fall under either exception because there was nothing in the record to suggest that the requested documents related to the expenditure of public funds.[14]

### *The Daily Caller News Foundation's FOIA Request*

On April 30, 2020, DCNF submitted a FOIA request to the University for the following documents:

> A.   All agreements, including modifications, revisions, or updates, concerning the storage of more than 1,850 boxes of archival records and 415 gigabytes of electronic records from Joe Biden's senate career from 1973 through 2009.

---

[11] 2020 WL 4013788, at *1.
[12] 29 *Del. C.* § 10002(i).
[13] *Id.*
[14] 2020 WL 4013788, at *1.

B. Correspondence including but not limited to email, phone and written communications between staff of the University of Delaware Library and Joe Biden or members of Joe Biden's senatorial staff, Joe Biden's vice-presidential staff or Joe Biden's political campaign staff, or for anyone representing any of those entities between 2010 to the date of this request about Joe Biden's senate records.

C. Any logs or sign-in sheets recording any individuals who have visited the special-collections department where records from Joe Biden's senate career are stored between 2010 to the date of this request.

D. All records from Joe Biden's Senate career that have been submitted to the University of Delaware Library.[15]

On May 20, 2020, the University denied DCNF's request, primarily because it did not relate to the expenditure of public funds.[16] On May 29, 2020, DCNF filed a petition with the Office of the Attorney General pursuant to 29 *Del. C.* § 10005(b).[17] The petition sought a determination of whether the University's denial of DCNF's request constituted a violation of FOIA.[18]

On July 1, 2020, the Attorney General issued an opinion concluding that the University had not acted in violation of FOIA.[19] The Attorney General found that: (1) DCFN's first two requests did not seek documents related to the expenditure of public funds; (2) the University's library patron log is exempt from FOIA; and (3)

---

[15] OB at 6-7.
[16] *Id.* at 7.
[17] *Id.*
[18] *Id.*
[19] 2020 WL 4013789, at *1.

DCNF's attempt to access "all records from Joe Biden's Senate career" is inappropriate.[20] The Attorney General additionally stated that "[a]ttempting to access library records through the FOIA process is an inappropriate use of FOIA that does not advance FOIA's objective of furthering the accountability of government to its citizens."[21]

### *Appellants Challenge the Attorney General's Opinions*

Appellants have combined their individual FOIA requests to file one consolidated appeal of the Opinions.[22] On July 2, 2020, Appellants filed a Notice of Appeal seeking reversal of the Opinions.[23] On July 22, 2020, the Delaware Department of Justice ("DDOJ") filed the Certification of Record.[24] On July 30, 2020, the New Castle County Sheriff filed a Writ *Non Est Inventus* stating that there had been several unsuccessful attempts to serve the University.[25] On July 31, 2020, the University's general counsel accepted service.[26] On August 11, 2020,

---

[20] *Id.*

[21] *Id.*

[22] The DDOJ was included as a defendant in this appeal. On July 15, 2020, the DDOJ informed the Court that it would not participate in this appeal because "the 'adverse' interests in this matter are between [] Appellant[s] and the University of Delaware." Trans. ID 65772279.

[23] OB at 1.

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.*

Appellants filed a letter with the Court, countersigned by the University, which acknowledged that service was accepted.[27]

On August 28, 2020, Appellants filed their Opening Brief.[28] On September 28, 2020, the University filed its Answering Brief. On October 8, 2020, Appellants filed their Reply Brief.

## STANDARD OF REVIEW

Decisions made by the Attorney General concerning FOIA requests may be appealed to the Superior Court "on the record."[29] As this appeal concerns issues of statutory interpretation, the parties' arguments are reviewed *de novo*.[30]

## ANALYSIS

### *Appellants' Contentions*

Appellants argue that the Opinions should be reversed for five reasons. First, the Attorney General impermissibly shifted the burden of proof to Appellants. Second, the University failed to prove that no public funds are utilized for the Papers. Third, the Opinions erroneously concluded that the documents

---

[27] *Id.*

[28] During the briefing period, the case was transferred from the Honorable Charles E. Butler to the Honorable Mary M. Johnston.

[29] 29 *Del. C.* § 10005(b).

[30] *See Delaware Dept. of Natural Resources & Environmental Control v. Sussex County*, 34 A.3d 1087, 1090 (Del. 2011); *Flowers v. Office of the Governor, et. al.*, 167 A.3d 530, 541 (Del. Super. 2017).

requested by Appellants are not "public records," and thus not subject to FOIA. Fourth, the requested visitor log-in sheets are not covered by a library exception. Fifth, the University denied Appellants their legal right to inspect covered documents by failing to adequately search the Papers for responsive documents before denying Appellants' requests.

In addition to reversing the Opinions, Appellants ask the Court to: (1) require the University to search for responsive documents; (2) require the University to promptly grant Appellants access to any responsive documents; and (3) award them their attorneys' costs and fees.[31]

## *The University's Contentions*

The University argues that the Opinions should be affirmed. The University posits that Appellants' reading of FOIA is overly broad and would essentially require any entity that receives any public funds to produce all documents in their possession. Further, the University contends that the Attorney General, and this Court, may rely on a statement from the University's General Counsel that no public funds are used for the Papers. The University next argues that it was not required by FOIA to review every document included in the Papers prior to

---

[31] Appellants' last request does not necessitate a lengthy discussion. For the reasons set forth in this opinion, Appellants are not successful plaintiffs and thus are not entitled to attorney's costs and fees under 29 *Del. C.* § 10005(d).

8

denying Appellants' requests. Finally, the University maintains that the requested visitor log-in sheets are covered by FOIA's library record exemption.

### *Appellants' Requests are Not Subject to FOIA*

The purpose of FOIA is to "further the accountability of government to the citizens of [Delaware]."[32] FOIA's Declaration of Policy states the policy considerations behind this legislation.

> It is vital in a democratic society that public business be performed in an open and public manner so that our citizens shall have the opportunity to observe the performance of public officials and to monitor the decisions that are made by such officials in formulating and executing public policy; and further, it is vital that citizens have easy access to public records in order that the society remain free and democratic.[33]

While FOIA is meant to cover a wide array of information, it does not provide unlimited access to every document that is of interest to the public. This is especially true with regard to documents belonging to the University. When enacting FOIA, the General Assembly specifically addressed how FOIA would apply to the University.[34] As the Attorney General stated in the Opinions, FOIA only covers: (1) matters discussed in meetings by the full Board of Trustees; and (2) university documents relating to the expenditure of public funds.[35]

---

[32] 29 *Del. C.* § 10001.
[33] *Id.*
[34] *Id.* at § 10002(i).
[35] *Id.*

9

*The Papers were Never Discussed Before the Full Board*

In response to Appellants' requests, the University stated that the Papers had not been discussed before the full Board of Trustees. Appellants do not challenge this assertion, but rather argue that "[t]he University should not be permitted to circumvent FOIA by hiding its decision-making with respect to matters of public interest behind executive sessions or delegation to a subset of the Board of Trustees."[36] Regardless of whether FOIA provides a potential loophole, it is clear that the General Assembly took care to define exactly how the legislation would apply to the University. Applying FOIA as clearly written, Appellants' request for information from any meeting where the Board discussed the Papers may be properly denied because the matter was never discussed before the full Board.

*The Papers Do Not "Relate to the Expenditure of Public Funds"*

The second exception is the main point of contention in the briefs. Appellants argue that every document contained in the Papers is covered by FOIA because the University receives some public funding and it can be inferred that at least a portion of that public funding is used to house, maintain, or otherwise support the Papers. The University argues that this interpretation of FOIA is impermissibly broad.

---

[36] OB at 14.

FOIA does not define what it means for a document to "relate to the expenditure of public funds." However, it does include specific examples of covered documents including: requests for proposals; requests for quotes; or other documents "soliciting competitive bids for any contract, agreement, capital improvement, capital acquisition or other expenditure."[37] In light of these examples, the Court finds that documents which "relate to the expenditure of public funds" are those that discuss or show how the University itself spends public funds. Therefore, none of the documents requested by Appellants fall under FOIA.[38]

### The University has Adequately Shown that the Papers are Not Supported by Public Funds

In an action alleging a FOIA violation, "the burden of proof shall be on the custodian of records to justify the denial of access to records."[39] Appellants dedicate a great deal of their opening brief to arguing that the "uncorroborated representation [made by the University's General Counsel] that no public funds are

---

[37] 29 *Del. C.* § 10002.

[38] The Court relies on the statement from the University's General Counsel that none of the requested documents are responsive. The only document that possibly could "relate to the expenditure of public funds" is the Gift Agreement. If, upon further review **within 30 days of the date of this Opinion**, the University finds that the Gift Agreement discusses the University using public funds to support the Papers, the University must immediately notify the Court so that this opinion can be amended.

[39] 29 *Del. C.* § 10005(c).

11

used to support the [] Papers" is insufficient to meet the University's burden of proof.[40]

Every lawyer licensed in Delaware is bound by a duty of candor.[41] "Candor requires both the expression of the truth and the refusal to mislead others in speech and demeanor."[42] A Delaware attorney who makes a false statement in the course of legal representation is subject to discipline by the Delaware Supreme Court.[43] In light of this duty, statements made by the University's General Counsel may be given proper weight. Further, Appellants have provided nothing other than unsupported speculation in opposition to University Counsel's representation. The Court also notes that FOIA only requires a public body to provide its reasons for denying a request; there is no requirement to provide supporting proof.[44] Therefore, the Court finds that the University met its burden to justify denial of access to the Papers.

### The University was Not Required Review Every Document Included in the Papers

Appellants argue that the University's "categorical" determination "that no responsive public records exist based on the unsupported assertion that public

---

[40] OB at 9-13.
[41] Del. Principles Professionalism for Lawyers A(1).
[42] *Id.*
[43] DLRPC 3.3.
[44] 29 *Del. C.* § 10003(h)(2).

funds are not expended to support the Senatorial Papers. . .denied Appellants their legal right to inspect records under FOIA."[45] Appellants appear to believe that it would have been simple for the University to thoroughly examine the Papers before responding to Appellants' requests. The Papers include "more than 1,850 archival records" in addition to "extensive electronic records and media."[46] The University has been meticulously cataloging all of this information for years. It would be unduly burdensome and unreasonable as a practical matter to require that the University speed up its process so that it could inspect each and every document before denying Appellants' requests.

Further, the decision to grant or deny Appellants' requests did not require knowledge of any information *contained in* the Papers. This decision turned on whether or not the Papers related to the University's expenditure of public funds. As President-elect Biden is not, and never was, an employee of the University, there is no reason to believe that any information contained in the Papers would relate to the University's financial expenditures. Additionally, the question of whether the University expends public funds to maintain the Papers is answered by examining the University's spending, which likely would not be accounted for in

---

[45] OB at 18-19.
[46] https://library.udel.edu/special/joseph-r-biden-jr-senatorial-papers/.

13

the Papers themselves. Therefore, the University did not err by failing to examine the Papers before denying Appellants' requests.

### *The University was Not Required to Produce Log-in Sheets*

Appellants' final argument is that the University improperly withheld "any logs or sign-in sheets recording any individuals who have visited the special-collections department where records from Joe Biden's senate career are stored."[47] However, under 29 *Del. C.* § 10002(l)(12), "any records of a public library which contain the identity of a user and the books, documents, films, recordings or other property of the library which a patron has used" are specifically exempted from "public records" and thus are not subject to FOIA.

The Papers are housed in the University's Morris Library, which is a public library. Once properly archived, the Papers will be available to the entire public. The two-pronged application of 29 *Del. C.* § 10002(l)(12) is straightforward. First, the log-in sheets requested by Appellants are "records of a public library which contain the identity of a user." As for the second prong—the identity of the documents accessed—Appellants argue that "the request for visitor log does not seek the specific documents within the Senatorial Papers a visitor has accessed." This argument is without merit. The Papers belong to the library in the same way a

---

[47] OB at 7, 16-17.

collection of books would. Even if the requested log-in sheets did not identify the *exact* document a visitor accessed, they would still identify the "documents…of the library which a patron has used." As the requested log-in sheets are not subject to FOIA, the University did not err by failing to give Appellants access to them.

## CONCLUSION

The Court finds that the University's denial of Appellants' requests does not violate FOIA. The requested information is not subject to FOIA. The Papers were never discussed during a meeting of the University's Board of Trustees and the Papers do not relate to the expenditure of public funds. The Attorney General, and this Court, may rely on the statement of University Counsel that no public funds are used to maintain the Papers. The University was not required to inspect the Papers or provide log-in sheets for persons who have accessed the Papers.

After a careful *de novo* review, this appeal is **HEREBY DENIED** and the Opinions are **HEREBY AFFIRMED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

15